UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS SMITH, *Pro Se*,  )<br>  )<br>    Plaintiff  )<br>  )<br>  )<br>v.  )<br>  )<br>HON. DAN AARON POLSTER,  )<br>  )<br>    Defendant  )  | Case No.: 1:22 CV 52<br><br>JUDGE SOLOMON OLIVER, JR.<br><br><br>MEMORANDUM OF OPINION<br>AND ORDER |

*Pro Se* Plaintiff Douglas Smith filed this action seeking to have United States District Judge Dan Aaron Polster removed as an Article III judge. Plaintiff is a Defendant in a criminal case for tax evasion, bankruptcy fraud, and concealment of assets pending before Judge Polster. *See United States v. Smith*, No. 1:21-cr-520 (ND Ohio Indictment filed July 14, 2021). He states that Article III Judges are bound by their oath of office to uphold the Constitution. He also states that Article III allows Judges to hold their offices during "good behaviour."[1] He contends Judge Polster's failure to dismiss his case outright at its inception and his initial order denying his request to represent himself violate his constitutional rights. He maintains that Judge Polster is without authority to prevent him from filing any papers he wishes on the docket. He rationalizes that violation of his constitutional rights is a violation of the oath of office and therefore not under the umbrella of "good behaviour." He asserts that these actions do not qualify for judicial immunity and require Judge

---

[1] Art. III, sec. 1 of the United States Constitution uses the spelling "behaviour" rather than "behavior."

Polster to be impeached and removed from the bench. He asks that Judge Polster: (1) prove that he was required to file a 1040 income tax return; (2) prove his rights were not violated when the criminal case was not dismissed at its inception; (3) be removed from the bench; (4) and pay him $15,000,000.00 in damages for his prosecution. The criminal case against Plaintiff is still pending.

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). This case meets all of the criteria for a *sua sponte* dismissal.

As an initial matter, this Court lacks subject matter jurisdiction to impeach or remove a sitting Article III federal judge. Article I, sec. 3, cl. 6 of the United States Constitution vests the sole power to try all impeachments in the United States Senate. Federal Courts lack the authority to conduct such a review.

Furthermore, Plaintiff lacks standing to bring an impeachment action. Article I of the United States Constitution provides the House of Representatives with the sole power to initiate an impeachment. U.S. Const. art. I, § 2, cl. 5. Because the House of Representatives—not private individuals like Plaintiff—has exclusive authority to enforce the "Good Behaviour" clause by initiating impeachment proceedings, Plaintiff lacks standing to bring an impeachment action.

Finally, Plaintiff's attempt to interfere with the prosecution of his criminal case by bringing this civil action is frivolous. He asks that Judge Polster be required to come forward in this case and prove that Plaintiff is guilty of the charges against him in the criminal matter. This is the job of the United States Attorneys, not the judge presiding over his case. This Court has no authority to intervene in a criminal matter that is pending before another District Court Judge. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana,* 816 F.2d 220, 225-26 (5th Cir.), *cert. denied,* 484 U.S. 956(1987). To the extent Plaintiff believes that his constitutional rights are being violated in his criminal case, he can and should assert those claims in the course of his criminal trial or on appeal if he is convicted. He cannot collaterally attack them in a civil action.

Plaintiff also cannot overcome the bar of judicial immunity. He theorizes that if a federal judge takes an oath to uphold the constitution and serves a lifetime tenure during times of "good behavior," then any decision by that judge that is later deemed to violate a litigant's constitutional rights also violates the oath of office and constitutes "bad behavior." He then rationalizes that "bad behaviour" falls outside of the protection of judicial immunity. This argument is wholly specious and logically fallacious. The term "good behaviour" is linked directly in the Constitution to impeachment. Unless a federal judge is impeached and removed from office, he or she continues to enjoy tenure and all of the immunities that are given to those in that position. A ruling on a

3

Motion, even if later proven to be legally erroneous, done maliciously, or in excess of authority will not deprive a federal judge of absolute immunity. *Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 22, 2022

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

4